IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PETER J. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-164-MHT-JTA |
| | ) | (WO) |
| KAY IVEY, Alabama Governor, and | ) | |
| CODY ROWLAND, Alabama Medicaid | ) | |
| Director, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action has been referred to the undersigned "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." (Doc. No. 4.) For the reasons stated below, the undersigned recommends the complaint be dismissed without prejudice for failure to prosecute and failure to pay the filing fee or file a motion for leave to proceed *in forma pauperis*.

### I.   JURISDICTION

The court exercises subject matter jurisdiction over this action based on federal question jurisdiction. 28 U.S.C. § 1331. Smith alleges his claims arise under Title II and Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 2000a–2000a-6, 2000e–2000e-17.

### II.   DISCUSSION

Smith is a frequent litigant in this District. "'In fact, he has distinguished himself as one of the most notoriously, persistently, and intransigently prolific filers of meritless *in*

*forma pauperis* cases in this court's history." [1] *Smith v. City of Montgomery*, No. 2:22-cv-168-MHT-JTA, 2023 WL 7290457, at *1 (M.D. Ala. Oct. 16, 2023) (quoting *Smith v. Circle K Inc.*, No. 2:23-cv-67-MHT-JTA, 2023 WL 5603188, at *3 (M.D. Ala. July 14, 2023) (footnote omitted), *report and recommendation adopted*, No. 2:23-cv-67-MHT, 2023 WL 5596245 (M.D. Ala. Aug. 29, 2023)), *report and recommendation adopted sub nom. Smith v. City of Montgomery, Ala.*, No. 2:22-cv-168-MHT, 2023 WL 7287877 (M.D. Ala. Nov. 3, 2023).

After repeated warnings, the court has frequently dismissed Smith's cases on grounds of failing to either pay the filing fee or file a motion for leave to proceed *in forma pauperis*.[2] Yet, he continues his "years-long, repeated pattern in multiple cases before

---

[1] As of the date of this Recommendation, Smith has filed 76 cases in this District. "Of Smith's cases that are no longer pending, the overwhelming majority were dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2) or for failure to prosecute or comply with court orders. Some were dismissed for other reasons, such as lack of jurisdiction." *Smith v. Circle K Inc.*, No. 2:23-cv-576-MHT-JTA, 2023 WL 9442574, at *3 n.12) (M.D. Ala. Dec. 8, 2023), *report and recommendation adopted sub nom. Smith v. Circle K., Inc.*, No. 2:23-cv-576-MHT, 2024 WL 329143 (M.D. Ala. Jan. 29, 2024); *see also Smith v. Circle K Inc.*, No. 2:23-cv-576-MHT-JTA, 2023 WL 9007216, at *1 (M.D. Ala. Dec. 28, 2023) ("Smith is a frequent litigant in this court whose (to-date) forty-nine cases have been nearly universally dismissed for failure to comply with court orders, failure to prosecute, and/or as frivolous and meritless under 28 U.S.C. § 1915(e)(2)(B).").

[2] *See, e.g., Smith v. Circle K Inc.*, No. 2:23-cv-576-MHT-JTA, 2023 WL 9442574, at *3 (M.D. Ala. Dec. 8, 2023) ("Smith is thoroughly familiar with the proper procedures for filing motions for leave to proceed *in forma pauperis*, as is evident from the many cases in which he has filed adequately-supported motions for leave to proceed *in forma pauperis*, as well as from the many cases in which he has been instructed to correct inadequately-supported IFP motions."), *report and recommendation adopted sub nom. Smith v. Circle K., Inc.*, No. 2:23-cv-576-MHT, 2024 WL 329143 (M.D. Ala. Jan. 29, 2024). On numerous occasions, the court has informed Smith that, when he files an action, he must pay the filing fee or properly file for leave to proceed *in forma pauperis. See, e.g. Smith v. City of Montgomery, Ala.*, No. 2:22-cv-298-MHT-JTA, 2023 WL 5004043, at *6 (M.D. Ala. Aug. 4, 2023), *report and recommendation adopted*, No. 2:22-cv-298-MHT, 2023 WL 5939877 (M.D. Ala. Sept. 12, 2023).

multiple judges" of failing to properly file a motion for leave to proceed *in forma pauperis* or pay the filing fee. *Smith v. Circle K Inc.*, No. 2:23-cv-576-MHT-JTA, 2023 WL 9442574, at *5 (M.D. Ala. Dec. 8, 2023), *report and recommendation adopted sub nom. Smith v. Circle K., Inc.*, No. 2:23-cv-576-MHT, 2024 WL 329143 (M.D. Ala. Jan. 29, 2024).

Once again, on March 12, 2024, Smith filed a complaint, but failed to pay the filing fee or, alternatively, file a motion for leave to proceed *in forma pauperis*. Since then, he has taken no action in the case. Accordingly, and in light of Smith's past history of failure to correct issues related to missing or incomplete *in forma pauperis* motions and of failing to prosecute his cases, on April 8, 2025, the undersigned entered an order directing Smith to show cause, on or before April 18, 2025, "why this action should not be dismissed for failure prosecute and failure to either pay the filing fee or seek leave to proceed *in forma pauperis*." (Doc. No. 6 at 1.) Smith timely filed the following response:

> In several cases there have been no Pro Se packages sent to my mail box by the clerks office. Or the mail has not been placed in my box by the U.S. Postal Service. In some instances there may be a combination of both. I didn't get the information to be completed by a Pro Se Plaintiff therefore I didn't complete the information. Please see exhibits A + B[3]   as supporting evidence of this.

---

[3] Exhibits A and B are original (not copies of) letters from Smith addressed to the Clerk of Court requesting "Forma Pauperis packages" be mailed to him. (Doc. No. 8-1, 8-2 (sic).) The undersigned notes these originals are nearly identical to, but differ slightly from, what purports to be the same letters filed in response to a similar show cause order in another case. *See Smith v. Ivey*, No. 24-cv-172-ECM-JTA (Docs. No. 6-1, 6-2.) It appears Smith is attempting to pass these letters off as genuine, but that they are in fact genuine is questionable. They are handwritten and not exact copies of each other, and Smith would not have the originals in his possession to file now if he mailed the originals to the Clerk in October and November 2024.

3

(Doc. No. 8 at 1 (sic).)

Smith's show cause response is not submitted in good faith and does not supply good cause, excusable neglect, or any plausible justification for Smith's failure to file his *in forma pauperis* motion (or pay the filing fee) since filing this action. Many times, the court has informed Smith that, when he files an action, it is *his* responsibility to stay informed of the status of the case, comply with all court orders and applicable rules, pay the filing fee or properly file for leave to proceed *in forma pauperis*, and prosecute his own case.[4]

Since filing this action, the Clerk has mailed Smith numerous packages containing the necessary forms.[5] Indeed, he has filed multiple *in forma pauperis* motions in other cases since the filing of this action. *See, e.g.*, *Smith v. Wendy's, Inc.*, No. 2:24-cv-604-MHT-SMD (Doc. No. 8.); *Smith v. Montgomery County, Ala.*, No. 2:24-cv-603-ECM-JTA (Doc. No. 6); *Smith v. Wendy's, Inc.*, No. 2:24-cv-565-ECM-KFP (Doc. No. 8). Smith's contention that the Clerk of Court is somehow at fault here is unavailing.

---

[4] *See, e.g., Smith v. City of Montgomery*, No. 2:22-cv-168-MHT-JTA, 2023 WL 5807007, at *6 (M.D. Ala. Sept. 7, 2023) ("Smith is again reminded that this is *his* lawsuit, and it is his duty to comply with court orders and stay abreast of developments in the case." (emphasis in original)); *Smith v. Adrian*, No. 2:23-cv-190-RAH-JTA, 2023 WL 11818133, at *2 (M.D. Ala. Apr. 12, 2023) ("Smith's repeated failure to properly file a motion to proceed *in forma pauperis* causes unnecessary delay in his cases.").

[5] In response to inquiries from the undersigned's chambers staff, the Office of the Clerk confirmed that, since the filing of this action, the Clerk has mailed Smith numerous packages containing the standard forms for filing *in forma pauperis* motions.

Moreover, the court has advised Smith it is his responsibility to ensure he receives or obtains all relevant correspondence from the court.[6] Smith is able to come to the courthouse himself to get the forms or file a motion for the court's assistance.[7] He has done neither. Instead, he simply chose to let his case sit dormant on the docket.

The undersigned finds a clear record of delay and contumacious conduct. Smith has been ordered on many occasions to stop his conduct of filing lawsuits without paying the filing fee or filing a proper motion for leave to proceed *in forma pauperis*. On many occasions, orders designed to cajole him to correct the problem have been blatantly disregarded, and his conduct has been determined to warrant sanctions.[8] Under the circumstances, and in light of Smith's failure to show good cause why he <u>again</u> failed to

---

[6] *See, e.g., Smith v. City of Montgomery*, No. 2:22-cv-168-MHT-JTA, 2023 WL 5807007, at *6 (M.D. Ala. Sept. 7, 2023) ("Smith is aware that he is not receiving mail sent to his address of record. . . . Accordingly, any failure to receive this Order does not excuse him from timely complying with it, as he knows that he is responsible to stay informed of the status of his cases, knows that he is not receiving mail, resides in the area, and is capable of checking the status of his case by contacting or visiting the Office of the Clerk of the Court.").

[7] Smith is physically capable of coming to the courthouse if he so chooses. He frequently visits the courthouse in person, where he deposits his filings in the outdoor drop box, and he has done so numerous times since filing this action. He has been on site and could have obtained the necessary forms from the Clerk in person if he wished, or he could have placed a motion in the drop box requesting judicial assistance with obtaining the forms. Further, he did not file a motion requesting assistance from the court *after* he purportedly sent his letters to the Clerk in October and November 2024.

[8] *See, e.g., Smith v. Adrian*, 2023 WL 11818133, at *2 (M.D. Ala. Apr. 12, 2023) ("This Order is Smith's warning that his continued failure to properly file his motion to proceed *in forma pauperis* after numerous orders to correct the deficiency has crossed into the territory of contumacious conduct warranting sanctions. The court finds Smith's repeated failures to properly file his motion to proceed *in forma pauperis* are willful in light of his personal knowledge of how to file such a motion and the many corrective orders he has received." (footnote referencing a similar order in a different case omitted)).

file a motion to proceed *in forma pauperis* in lieu of paying the filing fee, he is not entitled to a further opportunity to correct the issue in this action.

The undersigned has considered the appropriate consequences and alternatives and concludes the proper remedy is dismissal of this action without prejudice. The court has warned Smith that continuing the pattern of failing to properly move to proceed *in forma pauperis* would result in sanctions "in accordance with Rule 11(c) of the Federal Rules of Civil Procedure and the court's inherent powers to enforce compliance with its Orders." *Smith v. Adrian*, No. 2:23-cv-190-RAH-JTA, 2023 WL 11818133, at *2 (emphasis omitted). The court has warned such sanctions could include "monetary penalties or dismissal . . . with or without prejudice" or an order requiring him to pay the filing fee. *Id*. However, a monetary sanction or an order requiring the payment of the filing fee is likely to be unavailing.[9] Smith reports he is often homeless and has limited income. For a litigant in such financial difficulty, mere dismissal without prejudice is likely *less* severe than a monetary sanction. Nothing in the complaint indicates the statute of limitations would bar refiling this action with a well-pleaded complaint and payment of the filing fee or a proper *in forma pauperis* motion. Hence, the undersigned concludes dismissal without prejudice

---

[9] At this point, one more order reminding Smith to pay the filing fee or file his *in forma pauperis* motion is one more order too many. The undersigned is not the only judge in this court to have reached a similar conclusion. *See Smith v Family Dollar*, No. 25-cv-147-RAH-KFP (Doc. No. 6 at 1-2) (recommending dismissal for failure to pay the filing fee without further opportunity to remedy the problem, noting: "Smith was aware that he cannot proceed in federal court without either paying a filing fee or filing a motion for leave to proceed *in forma pauperis* when he filed this case, so the Court does not believe that a show cause order is necessary to remind Smith of this fact."), *recommendation adopted*, No. 25-cv-147-RAH-KFP (Docs. No. 7–8).

is the least severe remedial measure that would conserve judicial resources while ensuring Smith either pays the filing fee or files a proper motion to proceed *in forma pauperis*.

Therefore, in conformity with the court's inherent authority to ensure compliance with its orders, and in light of the lack of good faith in Smith's show cause response, the undersigned concludes dismissal of this action without prejudice is appropriate. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) ("'Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'" *Anderson v. Dunn*, 6 Wheat. 204, 227, 5 L. Ed. 242 (1821)).

### III. CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that this action be dismissed without prejudice for failure to prosecute and failure to pay the filing fee or file a motion for leave to proceed *in forma pauperis*.

Further, it is ORDERED that Plaintiff shall file any objections to this Recommendation on or before **May 15, 2025**. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district

court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

DONE this 1st day of May, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE